IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI ANN SHIKO | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | Docket No.: 18-CV-00898-MWB |
| GEISINGER MEDICAL CENTER | : | |
| and | : | |
| GEINSINGER HEALTH SYSTEM | : | |
| | : | |
| Defendants. | : | |

## **STIPULATION FOR AMENDMENT**

**WHEREAS**, on April 26, 2018, Plaintiff initiated the above-captioned matter alleging, *inter alia*, disability discrimination primarily relating to a hostile work environment and non-accommodations while physically working for Defendants;

**WHEREAS**, on May 24, 2018, Plaintiff filed a 2nd Charge with the Equal Employment Opportunity Commission ("EEOC") asserting additional allegations of retaliation relating to her ADA assertions;

**WHEREAS**, Defendants have and continue to adamantly deny any allegations of Plaintiff and assert that that they at all times acted in conformity with local, state and/or federal laws(s);

**WHEREAS**, for the purposes judicial and litigation efficiency, to obviate the filing of a second lawsuit, and in an effort to avoid excessive costs or legal fees, the Parties have hereby agreed and stipulated that Defendants are waiving administrative exhaustion of Plaintiff's aforementioned 2nd Charge filed with the EEOC and dual-field with the Pennsylvania Human Relations Commission ("PHRC") *with respect to claims asserted therein*;[1]

**WHEREAS**, while Defendants waive administrative exhaustion as to the necessity of Plaintiff's receipt of a right-to-sue letter in advance of amendment *for allegations contained in her Charge(s)*, Defendants reserve the right to assert failure to administratively exhaust before the

---

[1] The defense of failure to exhaust administrative remedies by awaiting a right-to-sue letter from the EEOC or PHRC ***before*** initiating a lawsuit is merely an "affirmative defense" that can be waived involuntarily or voluntarily by a defendant-employer.  *See e.g. Griffiths v. Cigna Corp*., 1994 WL 114899, at *7 (E.D. Pa. 1994), aff'd, 60 F.3d 814 (3d Cir. 1995); *Erbe v. Potter*, 2009 WL 427258, at *5 (M.D. Pa. 2009); *Connolly v. Mitsui O.S.K. Lines (Am.), Inc*., 2007 WL 4207836, at *5 (D.N.J. 2007); *see also e.g. HUNT, v. CON EDISON CO. N.Y.C*., 2018 WL 3093970, at *4 (E.D.N.Y. 2018)(the defense of failure to exhaust administrative remedies is an affirmative defense that may be waived by a defendant merely by its non-inclusion in an Answer to a lawsuit).

EEOC or PHRC should Plaintiff allege any claim that was not within the scope of her previously filed Charges;

**WHEREAS**, the parties have agreed that Plaintiff will file a First Amended Complaint within ten (10) days of the Court granting Plaintiff leave to file same;

**WHEREAS**, the parties have agreed that Defendants will not file a responsive pleading to the Complaint and that Plaintiff will not seek or otherwise request default judgment for failure to file same; and

**WHEREAS,** the parties have agreed that Defendants may file a responsive pleading to the First Amended Complaint within thirty (30) days of its filing with the Court.

| **KARPF, KARPF & CERUTTI, P.C.** | **BUCHANAN INGERSOLL & ROONEY, P.C.** |
|---|---|
| */s/ Ari R. Karpf* | */s/ Jill M. Lashay* |
| Ari R. Karpf, Esq. | Jill M. Lashay, Esq. |
| 3331 Street Road | 409 N. Second Street |
| Two Greenwood Square | Suite 500 |
| Suite 128 | Harrisburg, PA 17101 |
| Bensalem, PA 19020 | 717-237-4971 (P) |
| 215-639-0801 (P) | 717-233-0852 (F) |
| 215-639-4970 (F) | |

**WHEREAS**, on this _____ day of _____, 2018, in light of the agreement of all Parties involved, Plaintiff is hereby **GRANTED** leave to file her First Amended Complaint **within 10 days** from entry of this **ORDER** to include all claims currently *within the scope* of her EEOC/PHRC Charges to have all claims adjudicated in the above-captioned lawsuit. It is further **ORDERED** that Defendants are not obligated to file a responsive pleading to the Complaint. Defendants' deadline for the filing of a responsive pleading is stayed until thirty (30) days after the filing of Plaintiff's First Amended Complaint.

The Hon. Matthew W. Brann, U.S.D.J.